

FILED
OCT 11 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL ABRAMSON

No. **18 CR 681**

Violations: Title 26, United States Code, Section 7206(1)

JUDGE KENDALL
MAGISTRATE JUDGE VALDEZ

**COUNT ONE**

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this indictment:

### Background

a. The Internal Revenue Service was part of the United States Department of the Treasury and, among other things, was responsible for administering the tax laws of the United States and collecting taxes from individuals and entities.

b. Corporations were required to file an annual United States Corporation Income Tax Return, Form 1120, including schedules and attachments, with the Internal Revenue Service by a date certain. Corporations could file a Form 1120X, Amended U.S. Corporation Income Tax Return, to correct a Form 1120 as originally filed or as later adjusted by an amended return.

c. In Forms 1120 and 1120X, corporations were able to deduct business expenses that were ordinary and necessary, including payments to employees and contractors for the services that they performed for the corporation's business. Corporations were not able to deduct personal expenses.

d. Individual taxpayers were required to file an annual United States Individual Tax Return, Form 1040, including schedules and attachments, with the Internal Revenue Service by a date certain, if the individual's gross income exceeded certain specified amounts.

e. The information that the Form 1040 required the taxpayer to provide included, but was not limited to, amounts of total income for the tax year and the amount of tax due or refund claimed. A taxpayer's total income included income received from a corporation, including income in the form of wages, compensation, dividends, and capital gains.

### Entities and Individuals Involved

f. Leasing Employment Services Company, Inc. ("Leasing Employment Services"), was a business incorporated in the State of Illinois.

g. Chicago Citywide Appraisals was a business incorporated in the State of Illinois in or around November 2002. In or around January 2003, Chicago Citywide Appraisals changed its name to Eastern Advisors, Inc. ("Eastern Advisors").

h. Defendant MICHAEL ABRAMSON held an ownership interest in Leasing Employment Services and Eastern Advisors.

i. Eastern Advisors maintained bank accounts at two financial institutions, and ABRAMSON was a signatory on these accounts.

j. Individual A had a romantic relationship with ABRAMSON.

k. Individual B provided bookkeeping and accounting services for Leasing Employment Services and Eastern Advisors under the direction of ABRAMSON beginning in or around 2008.

l. Individual C was a business associate of ABRAMSON.

### Payments to Individual A

m. Beginning in or around June 2003, ABRAMSON caused Eastern Advisors to make payments to Individual A.

n. Beginning in or around 2008, ABRAMSON directed Individual B to issue checks from an Eastern Advisors bank account that were made payable to Individual A, and directed Individual B to classify these payments as "advance on commissions" or "commissions" in the books and records of Eastern Advisors. As ABRAMSON well knew, these payments were not advances on commissions or commissions, but in fact were personal payments from ABRAMSON to Individual A based on income ABRAMSON received from Eastern Advisors.

o. ABRAMSON further made and directed Individual B to make certain additional payments to Individual A and on behalf of Individual A, including payments of personal expenses incurred by Individual A, and directed Individual B to classify these payments as loans in the books and records of Eastern Advisors. As ABRAMSON well knew, these payments were not loans, but in fact were personal payments from ABRAMSON to Individual A based on income ABRAMSON received from Eastern Advisors.

### False Corporate and Personal Tax Returns
### Filed at ABRAMSON's Direction

p. Beginning no later than in or around 2012 and continuing until at least in or around 2016, ABRAMSON caused the filing of multiple United States Individual Tax Returns, Form 1040, including schedules and attachments, for calendar years 2011 through 2014, that falsely stated ABRAMSON's income by omitting ABRAMSON's income from Eastern Advisors, which ABRAMSON directed to Individual A.

q. Between in or around 2002 and continuing until at least in or around 2013, Eastern Advisors was required to and did not file an annual United States Corporation Income Tax Return, Form 1120.

r. In or around 2013, Individual C advised ABRAMSON that the Internal Revenue Service was requesting information related to ABRAMSON and Eastern Advisors.

s. Beginning no later than in or around 2014 and continuing until at least in or around 2015, ABRAMSON caused the filing of United States Corporation Income Tax Returns, Forms 1120 and 1120X, including schedules and attachments, for Leasing Employment Services for calendar years 2006 through 2014. At ABRAMSON's direction, these corporate tax returns for Leasing Employment Services included information concerning the income and business expenses of Eastern Advisors. These returns falsely identified payments previously

made by Eastern Advisors to Individual A at ABRAMSON's direction as business expense deductions and loans.

2. On or about October 15, 2012, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040 with schedules and attachments for the calendar year 2011, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of said return that defendant's total income was $546,148, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $546,148;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about October 17, 2013, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040 with schedules and attachments for the calendar year 2012, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of said return that defendant's total income was $755,848, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $755,848;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2006, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $72,156 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $122,545, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2007, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $77,585 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $150,557, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

8

## COUNT FIVE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2008, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $17,227 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $276,761, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2009, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $65,311 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $374,186, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT SEVEN**

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2010, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $69,045 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $457,239, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2011, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $48,684 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $535,257, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2012, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $48,275 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $662,417, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TEN

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Corporation Income Tax Return 1120 for Leasing Employment Services with schedules and attachments for the calendar year 2013, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 26 regarding other deductions included approximately $59,312 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets included a loan receivable to "JT" in the amount of $733,614, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT ELEVEN

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about October 20, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040 with schedules and attachments for the calendar year 2013, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of said return that defendant's total income was $604,713, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $604,713;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWELVE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about September 21, 2015, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Corporation Income Tax Return 1120 for Leasing Employment Services with schedules and attachments for the calendar year 2014, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 26 regarding other deductions included approximately $49,711 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, and Schedule L, line 14, regarding other assets included a loan receivable to "JT" in the amount of $779,538, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THIRTEEN

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment and incorporated here.

2. On or about October 17, 2016, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040X with schedules and attachments for the calendar year 2014, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of the Form 1040 attached to the Form 1040X that defendant's total income was $673,938, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $673,938;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

_____
F O R E P E R S O N

_____
UNITED STATES ATTORNEY

17