# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ABRAMSON,<br><br>Defendant | CASE NO.: 18 CR 681<br><br>Hon. Virginia M. Kendall |

### DEFENDANT MICHAEL ABRAMSON'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE RELATED TO HIS MARITAL STATUS

Defendant Michael Abramson respectfully moves this Court to issue a pretrial ruling precluding evidence and arguments related to his marital status, pursuant to Federal Rules of Evidence 402 and 403 ("Rule 402" and "Rule 403").[1]

### INTRODUCTION

The Government has charged Mr. Abramson with making false statements in his personal and corporate tax returns. The crux of the government's theory is that the commissions that Mr. Abramson reported paying to Jerilyn Totani, a licensed real estate broker, while she was working for his company, and the loans that he reported making to her, were not in fact commissions or loans but rather personal payments. In making this argument, the government seeks to introduce evidence that Mr. Abramson and Ms. Totani had a romantic relationship. Specifically, the government intends to argue that the nature of their relationship makes it more likely the payments to Ms. Totani were neither commissions nor loans. Putting aside the merits of the argument, the defense does not dispute that the government's theory provides a basis for relevance, and therefore,

---

[1] Mr. Abramson's jury trial is currently scheduled to begin on September 8, 2020. Mr. Abramson hopes to keep this trial date, and therefore, government counsel and defense counsel agreed to keep the pre-pandemic schedule for filing motions *in limine* but also further agreed to extend response dates by two weeks, to June 29, 2020, and not to object if either party desires to file additional motions in the coming weeks.

1

the defense has no objection to the government introducing evidence that Mr. Abramson and Ms. Totani had a romantic relationship.  The government seeks to go further, however, and introduce evidence that by engaging in this romantic relationship, Mr. Abramson committed adultery because he was married at the time.  This is highly prejudicial and irrelevant to the government's charges—false statements in tax returns.  The sole benefit this evidence provides the government is to bias the jurors against Mr. Abramson.  Even if the evidence had some scintilla of relevance, its probative value is substantially outweighed by the danger of unfair prejudice.

## BACKGROUND

The indictment charges Mr. Abramson with making false statements in his personal tax returns between 2011 and 2014, and making false statements in his corporate tax returns between 2006 and 2014, in violation of Title 26, United States Code, Section 7206(1).  In order to establish a violation of Section 7206(1), the government must prove that: (1) the defendant caused an income tax return to be prepared; (2) he signed the tax return under penalty of perjury; (3) he caused the income tax return to be filed with the IRS; (4) the tax return was false as to a material matter; and (5) when the defendant made and signed the tax return, he did so willfully and did not believe the tax return was true, correct, and complete as to every material matter.  PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT § 7206(1) (COMM. ON FED. CRIM. JURY INSTR. OF THE SEVENTH CIR. 2012).  Here, the government alleges that Mr. Abramson's corporate tax returns falsely stated that: (1) the commissions paid to Ms. Totani were legitimate business deductions; and (2) certain other payments made to her were loans.  The government further alleges that Mr. Abramson's personal tax returns were false because he under-reported his income by not including the commissions and loans paid to Ms. Totani as his personal income.

Government counsel and defense counsel conferred on several occasions for purposes of discussing their planned evidence and resolving certain evidentiary issues to reduce motion

practice. During these discussions, government counsel confirmed that the government will seek to introduce evidence that Mr. Abramson was married at the time he engaged in a romantic relationship with Ms. Totani for purposes of explaining the "background of the scheme" and the willfulness of Mr. Abramson's actions.

**ARGUMENT**

I. **Mr. Abramson's Marital Status Is Irrelevant to the Charges.**

The fact that Mr. Abramson committed adultery during the relevant time frame has no bearing on any of the elements the government must prove for the false statement charges. *See* Fed. R. Evid. 401 (evidence is relevant if "the fact is of consequence in determining the action"). The government may contend that Ms. Abramson and Ms. Totani having a romantic relationship makes it more likely that the commissions and loans were actually personal payments. Mr. Abramson's marital status, however, does not advance that argument. Furthermore, the government has failed to articulate how Mr. Abramson committing adultery makes it more likely that he willfully filed false tax returns, and there is no evidence in the record to support any such theory.

II. **The Fact That Mr. Abramson Committed Adultery Is Highly Inflammatory and Unduly Prejudicial.**

Even if the evidence that Mr. Abramson committed adultery had some scant degree of relevance, it is still inadmissible because its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Particularly in a case like this one where the government's evidence related to the charges is far from overwhelming,[2] introducing such inflammatory and prejudicial evidence creates a high risk of jurors concluding that Mr. Abramson

---

[2] Mr. Abramson incorporates by reference the factual background set forth in his motion to exclude the testimony of government expert Michael Welch, which was filed contemporaneously with this motion.

is guilty based solely on their disapproval of the choices he has made in his personal life. *See United States v. Young*, 702 F. Supp. 2d 11, 15 (D. Me. 2010) ("[I]n view of the moral opprobrium often associated with philandering, the Court is leery about admitting evidence of his alleged marital infidelity. The risk is that the jury will be distracted from whether he committed the charged crimes and will convict [the defendant] because they do not approve of his morals."). As a result of this well-recognized danger, in the rare cases where the government even attempts to introduce such highly prejudicial evidence, courts exclude the evidence on both Rule 402 and Rule 403 grounds. *See, e.g.*, *United States v. Ewings*, No. 89 CR 566, 1989 WL 157651, at *1, *5 (N.D. Ill. Nov. 2, 1989) (excluding evidence of extramarital romantic relationship in a mail fraud and false statement case as irrelevant but allowing evidence that the defendant gave a woman money); *United States v. Darui*, 545 F. Supp. 2d 108, 112 (D.D.C. 2008) (excluding evidence of marital infidelity as irrelevant but allowing evidence of financial support and presence of serious relationships); *United States v. Guzman-Dominguez*, No. 2:16-CR-00580-RB, 2016 WL 10100736, at *13 (D.N.M. July 1, 2016) (excluding evidence of affairs as irrelevant and unduly prejudicial); *Young*, 702 F. Supp. 2d at 15 (excluding evidence of extramarital affair pursuant to Rule 403 *unless* defendant offered a defense that opened the door to the evidence); *see also Mimms v. CVS Pharmacy, Inc.*, No. 1:15-CV-00970-TWP-MJD, 2017 WL 758366, at *2 (S.D. Ind. Feb. 27, 2017), rev'd on other grounds, 889 F.3d 865 (7th Cir. 2018) (excluding evidence of extramarital affairs as irrelevant and unduly prejudicial in defamation case); *Gordon v. Degelmann*, No. 92 C 6891, 1993 WL 286470, at *5 (N.D. Ill. July 28, 1993) (excluding evidence of marital and divorce status as irrelevant). Accordingly, the government should be precluded from introducing irrelevant and unduly prejudicial evidence of a marital affair in a criminal tax

case, especially where there are viable defenses to the charges, and therefore, substantial risk that the jurors would convict Mr. Abramson solely due to their disapproval of his moral choices.

## CONCLUSION

For the reasons stated above, Mr. Abramson respectfully requests that the Court enter an order barring any evidence or argument related to Mr. Abramson's marital status.


Dated: June 1, 2020

Respectfully submitted,

/s/ *Valarie Hays*
Valarie Hays (ARDC No. 6272380)
Matthew C. Crowl (ARDC No. 6201018)
Lauren Jaffe (ARDC No. 6316795)
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: 312.471.8700

*Counsel for Michael Abramson*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays