**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

MICHAEL ABRAMSON,

         Defendant

CASE NO.: 18 CR 681

Hon. Virginia M. Kendall

**DEFENDANT MICHAEL ABRAMSON'S MOTION *IN LIMINE***
**TO PRECLUDE EVIDENCE RELATED TO EASTERN ADVISORS'**
**LATE FILING OF CORPORATE TAX RETURNS**

Defendant Michael Abramson respectfully moves this Court to issue a pretrial ruling excluding evidence and arguments related to Eastern Advisors' failure to timely file corporate tax returns, pursuant to Federal Rules of Evidence 402, 403, and 404(b).[1]

1.      The government has charged Mr. Abramson with making false statements in corporate tax returns that were filed for his company Leasing Employment Services ("LES"), in violation of Title 26, United States Code, Section 7206(1). The charges relate to amended returns for the tax periods 2006-2012, and original returns for the tax period 2013-2014. Mr. Abramson's accountants amended LES' 2006-2012 tax returns in 2014 to include the earnings of Eastern Advisors, a subsidiary of LES. The later LES returns, filed in 2014 and 2015, also reflect the inclusion of Eastern Advisors' income. The statements in the returns that the indictment alleges are false relate to how payments to a real estate broker employed by Eastern Advisors were

---

[1] Mr. Abramson's jury trial is currently scheduled to begin on September 8, 2020. Mr. Abramson hopes to keep this trial date, and therefore, government counsel and defense counsel agreed to keep the pre-pandemic schedule for filing motions *in limine* but also further agreed to extend response dates by two weeks, to June 29, 2020, and not to object if either party desires to file additional motions in the coming weeks.

classified, specifically whether certain payments to her were properly classified as loans and commissions.[2]

      2.      Despite the fact that the government only charged Mr. Abramson with making false statements in tax returns, the government attempts to slip in another accusation of criminal conduct through one purported background paragraph of the indictment, namely that Mr. Abramson failed to file tax returns on behalf of his company, Eastern Advisors, for eleven years. See Indictment at ¶ 1(q) (alleging that between 2002 and 2013, "Eastern Advisors was required to and did not file" corporate tax returns). The government presumably intends to argue at trial that Mr. Abramson was evading the payment of taxes on Eastern Advisors' earnings for 11 years and only filed tax returns for the company once he learned that he was under criminal investigation by the IRS. *See* id. at ¶ 1(r) (alleging that in 2013, "Individual C" advised Mr. Abramson that the IRS was requesting information related to Abramson and Eastern Advisors). Mr. Abramson was not charged with failing to timely file corporate tax returns, in violation of Title 26, United States Code, Section 7203 ("Section 7203"), and thus, any such reference to this alleged misconduct should be excluded. Merely including the uncharged conduct in the background section of the indictment does not make otherwise inadmissible evidence admissible. In fact, Federal Rule of Criminal Procedure 7(d) permits a court to strike irrelevant and prejudicial allegations from an indictment. *See United States v. Andrews*, 749 F. Supp. 1517, 1518 (N.D. Ill. 1990) (noting that "it is within a court's discretion to strike, as surplusage, immaterial or irrelevant allegations…which may, however, be prejudicial") (internal quotations and citations omitted); *United States v. Brighton Bldg. & Maint. Co.*, 435 F. Supp. 222, 230-31 (N.D. Ill. 1977) (striking allegations from an indictment that might cause the jurors to "draw the inference that the defendant

---

[2] Mr. Abramson incorporates by reference the factual background set forth in his motion to exclude the testimony of Michael Welch, which was filed contemporaneously with this motion.

is accused of crimes not charged in the indictment"). There is no admissible basis for introducing evidence that Mr. Abramson failed to file tax returns for Eastern Advisors for 11 years even though he "was required to." *See* Indictment at ¶ 1(q).

3. First, Eastern Advisors' failure to timely file tax returns is irrelevant to the elements of proof the government must establish to convict Mr. Abramson of willfully making false statements in tax returns. *See* Fed. R. Evid. 401 (evidence is only relevant if it helps to prove or disprove a fact that "is of consequence in determining the action"). *See also United States v. Powell*, 576 F.3d 482, 495 (7th Cir. 2009) (setting forth the elements of a Section 7206(1) charge).

4. The sole purpose of introducing evidence of uncharged violations of Section 7203 would be to suggest to the jury that Mr. Abramson had a propensity to commit tax crimes, namely, that because Eastern Advisors failed to timely file corporate tax returns for 11 years, it is more likely that Mr. Abramson intentionally made false statements in tax returns. Rule 404(b) precludes introducing evidence for this propensity purpose. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Although there are certain limited exceptions allowing the admission of other wrongful acts under Rule 404(b)(2), none of those exceptions is applicable here.

5. In determining whether evidence is properly admitted under Rule 404(b), courts consider "*how* exactly the evidence is relevant to [a non-propensity] purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (emphasis in original). If a non-propensity purpose is offered by the proponent of the evidence, courts also consider whether the uncharged conduct is similar to the charged conduct, but the importance of similarity will depend on the non-propensity

purpose that is offered. *Id*. at 855. Additionally, there must be sufficient evidence "*for the jury* to find by a preponderance of the evidence that the other act was committed." *Id*. at 854 (emphasis in original).

6. The government cannot establish that the uncharged acts of failing to timely file corporate tax returns are relevant for any purpose other than attempting to show Mr. Abramson's propensity to commit tax crimes. The government apparently agrees that the evidence is not admissible based on any Rule 404(b)(2) exception because, on April 30, 2020, government counsel informed defense counsel that he did not expect to introduce *any* evidence pursuant to Rule 404(b).

7. The government also cannot establish any similarity between the charged and uncharged conduct. The uncharged conduct is *failing to timely file* Eastern Advisors' tax returns between 2002 and 2013. The charged conduct is *making false statements* in Eastern Advisors' tax returns about the nature of the payments made to a particular employee of Eastern Advisors, Jerilyn Totani. The defense to the charged conduct will focus on establishing that there were no false statements in the tax returns. Mr. Abramson's failure to file tax returns for Eastern Advisors for 11 years sheds no light on that issue, and therefore, must be excluded. *See United States v. Stein*, 521 F. Supp. 2d 266, 270, 274-75 (S.D.N.Y. 2007) (in a case charging tax evasion based on certain fraudulent tax shelters, the court denied government's request to admit: (1) evidence of uncharged tax shelters; and (2) defendant's past failure to timely report income to the IRS, because the government failed to show how the uncharged conduct was similar to the charged conduct).

8. Additionally, there is no credible evidence that Mr. Abramson *intentionally* failed to file tax returns for Eastern Advisors between 2002 and 2013 or that he only did so in 2014 once he learned about the IRS' criminal investigation. Rather, the evidence demonstrates that Mr. Abramson believed that his accountants consolidated Eastern Advisors' tax returns with the tax

returns of LES during the relevant time period. As soon as Mr. Abramson learned in 2014 that Eastern Advisors' tax returns mistakenly had not been consolidated with LES' returns, he immediately directed his accountants to file amended corporate tax returns for LES. Furthermore, there is irrefutable evidence that the filing of the amended returns was not linked to Mr. Abramson finding out about the IRS investigation. The timeline of events, statements by the government's own witness, "Individual C," during his grand jury testimony,[3] and documents produced by the government all demonstrate that the earliest Mr. Abramson could have learned about the criminal investigation was late 2015—well after he filed the amended income tax returns at issue.

9. Even if there were some marginal relevance to the failure to file conduct, it should still be excluded because it is unfairly prejudicial and will confuse the issues at trial. *See* Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence). With respect to unfair prejudice, this is a case in which the government's evidence of actual false statements in Mr. Abramson's tax returns is extremely convoluted and far from overwhelming. Nevertheless, that is what the government chose to charge, and it should be held to its burden on the charges. If the government is allowed to make the much simpler argument to the jury that Mr. Abramson avoided filing tax returns for Eastern Advisors for 11 years and only did so once he learned that the IRS was conducting a

---

[3] The government, on the other hand, relies solely on a vague statement in the case agent's earlier report of interview of Individual C, during which Individual C allegedly stated that he told Mr. Abramson in 2013 that the Mexican tax agency Hacienda was requesting documents from Eastern Advisors *at the request of the IRS*. This was clearly based on the agent's own misinterpretation of what the witness actually said. The witness merely told Mr. Abramson that Hacienda was seeking documents (believed to be part of a routine audit) and that Hacienda was the equivalent to the United States' IRS. Furthermore, Individual C was never provided with any information in 2013 to suggest that Hacienda was making the request based on a directive from the IRS. Indeed, the agent's misinterpretation is not carried into Individual C's later grand jury testimony, during which Individual C merely testified that he informed Mr. Abramson about the document inquiry from *Mexican tax authorities*.

criminal investigation, the focus of the trial will shift in large part to the uncharged conduct. This will create an unacceptable risk that the jury convicts Mr. Abramson based on improper propensity evidence—*i.e.*, that he must have intentionally made false statements in his tax returns about the nature of Eastern Advisors' payments to Totani because he did not file Eastern Advisors' tax returns for 11 years. Furthermore, if the government were allowed to try an *uncharged* failure to timely file tax returns case, it would create a second trial within a trial, confuse the jury, and add substantially to the length of the trial. Mr. Abramson would be required to call witnesses and introduce documents to rebut the government's contentions that: (1) he learned about the IRS criminal investigation in 2013; (2) he filed amended tax returns in August 2014 in response to learning about a criminal investigation a year earlier; and (3) he *intentionally* failed to file tax returns for Eastern Advisors between 2002 and 2013. Accordingly, even if the evidence of uncharged conduct had some marginal relevance other than to prove Mr. Abramson's propensity to commit tax crimes, it still should be excluded due to the high likelihood of unfair prejudice and jury confusion. *See Stein*, 521 F. Supp. 2d at 270, 274-75 (finding that even if uncharged tax conduct were admissible under Rule 404(b), the evidence still should be excluded pursuant to Rule 403 because the probative value was substantially outweighed by its risk of prejudice).

10.     For the reasons set forth above, Mr. Abramson respectfully requests that this Court exclude all evidence related to Eastern Advisors' failure to timely file tax returns and the government's alleged reasons for the timing of Eastern Advisors' tax filings.

Dated: June 1, 2020                           Respectfully submitted,

                                          /s/ *Valarie Hays*
                                          Valarie Hays (ARDC No. 6272380)
                                          Matthew C. Crowl (ARDC No. 6201018)
                                          Lauren Jaffe (ARDC No. 6316795)
                                          RILEY SAFER HOLMES & CANCILA LLP
                                          70 West Madison Street, Suite 2900
                                          Chicago, Illinois 60602
                                          Telephone:  312.471.8700

                                          *Counsel for Michael Abramson*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 1, 2020, I caused the foregoing document to be electronically

filed using the CM/ECF system, which will send notice of this filing to all counsel of record.


*/s/ Valarie Hays*
Valarie Hays