**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 18 CR 681 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| MICHAEL ABRAMSON, ) | |
| ) | |

**DEFENDANT MICHAEL ABRAMSON'S MOTION TO DISMISS COUNTS 3-9 OF THE INDICTMENT**

Defendant, Michael Abramson, by and through his attorneys, Nishay K. Sanan and Cece White, respectfully moves this Court to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3). In support, Mr. Abramson states as follows:

**Introduction**

Counts 3-9 of the indictment should be dismissed because the Defendant's innocence or guilt of the charged offenses can be determined solely on an issue of law. The offense alleged, filing false tax returns, requires that the tax returns containing the false statement were filed with the IRS. The question of whether they were filed is an issue of law because it is well accepted that when an amended return is sent to the IRS past the filing deadline, it is within the sole discretion of the IRS to accept or reject it. Here, the amended returns that the government alleges contain false statements in Counts 3-9 were not filed as a matter of law because the IRS expressly rejected the request to file them. Further, the testimony presented to the grand jury in support of these counts was false in that the grand jury was told these returns were filed. As this is a required element for the offense with which Mr. Abramson is charged, he was prejudiced by that testimony. For these reasons, Mr. Abramson seeks dismissal of Counts 3-9 of the indictment.

1

I.   **Background**

Michael Abramson is charged in the indictment with 13 counts of filing false tax returns in violation of 26 U.S.C. 7206(1). (ECF No. 1). Counts 1, 2, 11, and 13 charge Mr. Abramson with making false statements on his personal tax returns for tax years 2011-2014. Counts 3-9 charge Mr. Abramson with making false statements on amended consolidated corporate tax returns for Leasing Employment Services (LES), a business in which Mr. Abramson has an ownership interest, for tax years 2006-2012. Counts 10 and 12 charge Mr. Abramson with making false statements on the same business's corporate tax returns for tax years 2013-2014.

The allegations all relate to Mr. Abramson's ownership stake in a business that made payments to Jerilyn Totani, a licensed real estate broker who had a contract with Mr. Abramson's business. The government's theory is that Mr. Abramson's real estate brokerage company paid Ms. Totani commissions and loans that were not related to her real estate work but were instead either non-deductible personal payments to Ms. Totani or taxable payments to Mr. Abramson himself. As such, the government alleges that there were false statements on the corporate tax returns in that they described these payments to Ms. Totani as related to the business and that there were false statements on the personal tax returns in that they failed to include the amounts paid to Ms. Totani as Mr. Abramson's income.

a.  **Facts Specific to Counts 3-9**

Counts 3-9 relate to amended corporate tax returns for tax years 2006-2012. Corporations are required to file an annual United States Corporation Income Tax Return, Form 1120 with the IRS. A Form 1120 is used to report income, losses, deductions, and credits to determine a corporation's tax liability. An Amended U.S. Corporation Income Tax Return Form 1120X is intended to correct a Form 1120 as originally filed, or as later adjusted by an amended return, a claim for refund, or an examination, or to make certain elections.

LES filed a Form 1120 each year from its incorporation to the present. In 2006, LES acquired two other companies, Paytech, Inc. and Eastern Advisors, Inc. The tax plan was that LES would file a consolidated tax return on behalf of itself as the parent and these two acquired companies as subsidiaries. However, that election was not filed on the Form 1120 from 2006 to 2012, and the revenue from the subsidiaries was small enough in relation to that of the parent that the omission was not immediately noticed. This error was eventually noticed and LES filed its Form 1120 as a consolidated tax return for tax year 2013 and thereafter.

Further, LES attempted to amend its prior 1120s by sending a letter to the IRS requesting permission to do so. On August 6, 2014, Mr. Abramson on behalf of LES sent a letter to the IRS requesting a determination that LES and its subsidiaries be allowed an extension of time to file an election under §1.1502-75 of the Income Tax Regulations which would allow the affiliated group to file amended consolidated returns for the years 2006-2012. *See* letter filed under seal as **Exhibit A.** In this letter, Mr. Abramson recognized that the consolidated returns were not filed within the deadlines proscribed by Section 1.1502-75 and thus, he sought permission to file them under the IRS Commissioner's discretionary authority to grant an extension when parent and subsidiary can show that they acted reasonably and in good faith. *See* 26 C.F.R. §§ 301.9100-1, 301.9100-3. In support of this request, Mr. Abramson sent the proposed 1120X Forms reflecting the companies' consolidated revenue and expenses, as would have been proper had these forms been filed within the deadline or had the extension been granted.

It is these 1120Xs that were sent with the letter requesting an extension for filing that are alleged as fraudulent in counts 3-9. Each count concerns a different tax year from 2006-2012 along with its corresponding Form 1120X. While the dollar amounts vary, the allegation in each count is that the Form 1120X included a business deduction for commission payments to Ms. Totani that were

allegedly non-deductible personal payments and included a loan receivable to "JT," which was allegedly not a loan, but a personal payment to Ms. Totani.

On March 16, 2015, the IRS sent Mr. Abramson a letter denying his request "for the taxpayer and its subsidiaries to file a consolidated return." *See* letter filed under seal as **Exhibit B.** The letter explained that the IRS had called Mr. Abramson seeking additional information about his request and did not receive a response. *Id.* The letter stated that the request to amend the tax returns "will not be processed," and "the case is considered closed." *Id.* On October 11, 2018, 3 years after the IRS denied his request to file the amended tax returns, Mr. Abramson was charged with offenses in connection to filing the same amended tax returns in counts 3-9.

**II.    Argument**

A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Fed. Rules Crim. Proc. 12(b)(1). An indictment, or portion thereof, may be dismissed if it is otherwise defective or subject to a defense that can be decided solely on issues of law. *United States v. Black*, 469 F. Supp. 2d 513, 518 (N.D. Ill. 2006). Here, counts 3-9 all charge Mr. Abramson with filing fraudulent tax returns in violation of 26 U.S.C. 7206(1), but the tax returns in question were never filed as a matter of law. As such, these counts can be determined solely on this issue of law and should be dismissed prior to trial.

A conviction under section 7206(1) requires proof that: (1) a person made or subscribed to a federal tax return which he verified as true; (2) the return was false as to a material matter; (3) the defendant signed the return willfully and knowing it was false; and (4) the return contained a written declaration that it was made under the penalty of perjury. *United States v. Peters*, 153 F.3d 445, 461 (7th Cir. 1998). Further, the government must prove beyond a reasonable doubt that the tax return at issue was filed with the IRS. *See Pattern Criminal Jury Instructions of the Seventh Circuit*, "26 U.S.C. § 7206(1) Fraud and False Statements – Elements," 944 (2020 Ed.) (stating that the government must

4

prove beyond a reasonable doubt that "the defendant filed or caused to be filed the income tax return with the IRS"). *See also United States v. Pansier*, 576 F.3d 726, 736 (7th Cir. 2009) (noting that § 7206(1) requires that the taxpayer file a return which he does not believe to be true and correct as to every material matter). Accordingly, a person can only be convicted of filing false tax returns if those returns were, in fact, filed.

Further, amended returns, like the 1120X forms at issue here, are not filed automatically upon mailing; the taxpayer must meet the required prerequisites for filing and the IRS must accept the return. A taxpayer does not have an automatic right to file an amended return; the ability to do so is at the discretion of the IRS. *Coons v. Commissioner*, Docket No. 1896-80., Tax Ct. Memo 1983-777, (T.C. 1983) citing *Goldstone v. Commissioner*, 65 T.C. 113 (1975). The Internal Revenue Code also "does not explicitly provide either for a taxpayer's filing, or for the Commissioner's acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace." *Baradacco v. Commissioner*, 464 U.S. 386, 393 (1984). While Courts have noted that the IRS does accept amended returns in some circumstances, it is not obligated to do so. *See e.g., Dover Corp. & Subsidiaries v. Commissioner,* 148 F.3d 70, 72-73 (2d Cir. 1998) ("There is simply no statutory provision authorizing the filing of amended tax returns, and while the IRS has, as a matter of internal administration, recognized and accepted such returns for limited purposes, their treatment has not been elevated beyond a matter of internal discretion.").

In sum, the mere request to amend a return does not amount to the filing of an amended return. *Also See Evans Cooperage Co. v. United States*, 712 F.2d 199, 204 (5th Cir. 1983) ("Neither the Internal Revenue Code nor the Treasury Regulations make any provision for the acceptance of an amended return in place of the original return previously filed."); *Hillsboro Nat'l Bank v. Commissioner*, 460 U.S. 370, 380 n.10 (1983) (stating that acceptance of amended returns is "within the discretion of the

Commissioner"); *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003) ("The IRS has discretion to accept or reject an amended return.").

Here, the tax returns alleged as fraudulent in Counts 3-9 were never filed and cannot form the basis for violations of § 7206(1) as a matter of law. Mr. Abramson requested to amend the tax returns for the years of 2006-2012, but the IRS exercised its discretion to deny that request. The denial is clear in that the IRS sent a letter explicitly stating that the request to amend the returns was denied. *See* **Exhibit B.** Further, the businesses did not pay, nor did the IRS request, any payments that would have been due under the proposed amended returns nor were any penalties accessed. Finally, the amended returns themselves reflect the fact that the IRS did not consider them filed. The proposed Form 1120X for 2009 appears to have been accidentally stamped with "accepted as filed," by the IRS, but this stamp was then scratched out. *See* tax return filed under seal as **Exhibit C.** Instead, the letter, "D," presumably for "Denied," was added in its place, as the below portion of **Exhibit C** illustrates:



The same stamp was crossed out in the same manner on the Form 1120x for tax year 2008. *See* tax return filed under seal as **Exhibit D**. The other proposed returns bear no "accepted as filed," stamp, instead having been stamped only as "received." Accordingly, the IRS made clear, especially in its written letter explicitly stating that the request was denied, that it denied permission to file the

amended returns. That decision is wholly within the discretion of the IRS as a matter of law. Therefore, the returns alleged to contain false statements in Counts 3-9 were never filed and cannot form the basis for a charge of filing false tax returns.

### A. Grand Jury Testimony

Further, these Counts are subject to dismissal because they were obtained through the presentation of false testimony to the grand jury. An indictment may be dismissed where the prosecutor "manipulated a grand jury by willfully misleading it or knowingly presenting false evidence," but only where defendant is prejudiced by the misconduct. *United States v. Udziela*, 671 F.2d 995, 998 (7th Cir. 1982). The government's knowing use of false testimony violates due process. *United States v. Useni*, 516 F.3d 634, 656 (7th Cir. 2008). For an indictment to be dismissed on account of false testimony presented to the grand jury, the defendant must show prejudice amounting to either "proof that the grand jury's decision to indict was substantially influenced, or that there is 'grave doubt' that the decision to indict was substantially influenced, by testimony which was inappropriately before it. *Id.*

Here, the testimony presented to the Grand Jury in support of Counts 3-9 was false. IRS Special Agent Adam Soline was questioned by Assistant United States Attorney Richard Rothblatt before the grand jury. *See* transcript filed under seal as **Exhibit E.** Agent Soline was asked, "In 2014, did Abramson cause the filing of Forms 1120 and 1120X for LES for the calendar years 2006-2014?" and he responded "Yes." *Id.* at 15. Agent Soline further testified as to the individual items in each amended tax return that are allegedly false, such as deductions claimed for commission payments to Jerilyn Totani. *Id.* at 22-30. As to each, he stated that the return was "filed on or about August 12, 2014." *Id.* However, the IRS denied permission to amend the tax returns and the 1120X forms from 2006-2012 were therefore, not filed. Both AUSA Rothblatt and Agent Soline would be aware of the filing deadlines for amended consolidated returns, which had long since passed before August 12,

7

2014, the date that Agent Soline testified these returns were filed. Further, both AUSA Rothblatt and Agent Soline would be aware that it is only at the IRS' discretion that such amended returns can be filed past those deadlines and that the IRS has the power to accept or reject requests to amend when those filing deadlines are not met, when the now-affiliated group cannot demonstrate it acted reasonably and in good faith, or simply at its own discretion.

Agent Soline was questioned about his knowledge of the determination request that Mr. Abramson sent requesting an extension that would enable him to file the amended forms. Agent Soline explained that, "as a part of the Forms 1120X," Mr. Abramson submitted a determination letter to the IRS requesting that the companies "be allowed an extension of time to file amended consolidated returns for the tax years 2006 through 2012." *Id.* at 16. Further questioning informed the Grand Jury that the letter was six pages long, that it cited to legal authority, and that it was signed by Michael Abramson. *Id.* However, this testimony omitted the key fact that the IRS denied Mr. Abramson's request for an extension to file amended returns. As the case law makes clear, there is no automatic right to file an amended return. As such, the effect of an IRS denial is that the tax returns were not filed with the IRS, as explained above. Thus, while the extension was denied and the amended returns were never filed, the grand jury was told exactly the opposite.

This false testimony prejudiced Mr. Abramson in that the grand jury likely would not have indicted on counts 3-9 without it. The offense of filing false tax returns requires more than merely making a false statement; it requires that the false statement be made specifically in a return that was filed with the IRS. The false testimony here goes directly to this necessary element of the offense and therefore, Mr. Abramson was prejudiced by its presentation to the grand jury.

Therefore, counts 3-9 of the indictment should be dismissed, both because they can be resolved on a well-established issue of law, and because the testimony presented to the grand jury to secure the indictment on these counts was prejudicially false.

**III.     Conclusion**

For these reasons, the Defendant, Michael Abramson, respectfully requests that this Court issue an order dismissing Counts 3-9 of the indictment.

Respectfully submitted,

*/s/ Nishay K. Sanan*
nsanan@aol.com

Respectfully submitted,

*/s/ Cece White*
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111