UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
) Case No.: 18 CR 681
v. )
) Hon. Virginia M. Kendall
MICHAEL ABRAMSON, )
)

## DEFENDANT'S OBJECTION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT 404(b) EVIDENCE

Defendant, Michael Abramson, by and through his attorneys, Nishay K. Sanan and Cece White, respectfully moves this Court to deny the government's request to admit evidence pursuant to Federal Rule of Evidence 404(b). In support, Mr. Abramson states as follows:

### I. Background

Michael Abramson is charged in the indictment with 13 counts of filing false tax returns in violation of 26 U.S.C. 7206(1). (ECF No. 1). Counts 1, 2, 11, and 13 charge Mr. Abramson with making false statements on his personal tax returns for tax years 2011-2014. Counts 3-9 charge Mr. Abramson with making false statements on amended consolidated corporate tax returns for Leasing Employment Services (LES), a business in which Mr. Abramson has an ownership interest, for tax years 2006-2012. Counts 10 and 12 charge Mr. Abramson with making false statements on the same business's corporate tax returns for tax years 2013-2014.

The allegations all relate to Mr. Abramson's ownership stake in a business that made payments to Jerilyn Totani, a licensed real estate broker who had a contract with Mr. Abramson's business. The government's theory is that Mr. Abramson's real estate brokerage company paid Ms. Totani commissions and loans that were not related to her real estate work but were instead either non-deductible personal payments to Ms. Totani or taxable payments to Mr. Abramson himself. As such, the government alleges that there were false statements on the corporate tax returns in that they

1

described these payments to Ms. Totani as related to the business and that there were false statements on the personal tax returns in that they failed to include the amounts paid to Ms. Totani as Mr. Abramson's income.

    **a. Evidence the Government Seeks to Admit**

The government seeks admission of multiple pieces of evidence that can be grouped into two categories: (1) the non-filing of corporate tax returns by Eastern Advisors from 2002-2013, and (2) documents and witnesses related to a condominium purchased by Mr. Abramson in 1999.

Eastern Advisors is the real estate brokerage that made commission payments to Ms. Totani. The government alleges that Eastern Advisors was required to, and did not, file corporate tax returns from 2002-2013. Mr. Abramson has not been charged with an offense relating to this allegation. The allegations in this case that depend on corporate tax returns are related to the tax returns of LES. LES purchased Eastern Advisors in 2006. In 2014, Mr. Abramson sent a determination request letter to the IRS requesting that LES be permitted an extension to file amended corporate tax returns listing Eastern Advisors as its subsidiary for tax years 2006-2012. This request to file was denied by the IRS, and these unfiled amended returns are the subject of Counts 3-9 and of Defendant's Motion to Dismiss Counts 3-9 (*See* ECF No. 80). The government appears to argue that this evidence is relevant for its ability to provide context to other evidence and to establish Mr. Abramson's willfulness to commit the offenses charged here.

The government also seeks admission of evidence relating to Mr. Abramson's purchase of a condominium in 1999. According to the government, this condo was purchased for Ms. Totani in Richard Forcone's name to hide Mr. Abramson's relationship with Ms. Totani from his wife. The government argues that this evidence is relevant because the Defendant's concealment of this condo purchase in 1999 "makes it more likely that Defendant would use Eastern Advisers to conceal payments to Totani." (ECF No. 76 at 11).

## II.     Argument

Federal Rule of Evidence 404(b) prohibits the use of evidence of a defendant's other bad acts to show his propensity to commit a crime. Fed. R. Evid. 404(b)(1); *United States v. Norweathers*, 895 F.3d 485, 490 (7th Cir. 2018). Other act evidence may be admitted for a non-propensity purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The proponent of the other-act evidence must demonstrate that the evidence is relevant to a legitimate purpose "through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case. *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). If the proponent does so, the district court must then use Rule 403 to determine "whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice, taking into account, "the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Id.*

The Seventh Circuit has recognized that "the problem with other-act evidence is that it may often be used for a permitted use – like showing motive – and an impermissible use – like showing a propensity to commit a crime." *United States v. Morgan*, 929 F.3d 411, 427 (7th Cir. 2019). As such, the Court has cautioned that, "it's not enough for the proponent of the other-act evidence simply to point to a purpose in the permitted list and assert that the other-act evidence is relevant to it." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). Instead, "The District Court should not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose…" *Id.* at 856 (emphasis in original).

Here, the government simply states that its evidence is relevant to non-propensity purposes, only some of which are within the permitted list of 404(b)(2) and fails to explain how exactly its evidence is relevant to those purposes. The government writes that the evidence would be offered for

"relevant, non-propensity purposes – to prove defendant's willfulness, motive, knowledge of the falsity of the charged returns, and lack of good faith." (ECF No. 76 at 11). This blanket statement fails to meaningfully engage with any analysis of how exactly its evidence would serve a legitimate non-propensity purpose. Further, a review of the government's reasoning reveals that its offered evidence does rely on the forbidden inference associated with propensity evidence, that the Defendant is "the kind of person who would do such a thing." *United States v. Morgan*, 929 F.3d 411, 427 (7th Cir. 2019). Should the Court find that the government can offer a non-propensity purpose, its evidence should nonetheless be excluded under Rule 403. As such, the government fails to meet its burden for the admission of other-act evidence under 404(b) and its motion should be denied.

### a. Eastern Advisors' Non-Filing of Tax Returns

The government fails to explain how Eastern Advisors' non-filing of corporate tax returns is relevant to any legitimate, non-propensity purpose and thus, it fails to meet its burden for the admission of 404(b) evidence. While the government fails to explain how its evidence can serve these purposes, its motion suggests that the non-propensity use is either as context for other evidence or to prove willfulness, neither of which render its other-acts evidence admissible.

First, the government claims that Eastern Advisor's non-filing of tax returns will be introduced "to explain to the jury why the amended tax returns were filed and to provide context for defendant's determination letter, which is evidence of defendant's willfulness and legal obligations with regards to tax filing." (ECF No. 76 at 9). Here, the government appears to claim that the determination request letter, which is not the subject of its motion, is admissible evidence, and thus, the non-filing of tax returns is also admissible evidence for its ability to provide further context to the determination request letter.

Providing context to other evidence that has not yet been offered is not a permitted use of other-acts evidence under Rule 404(b). Further, the government makes no argument as to why it

would be necessary to provide this context or how exactly it would use the non-filing of Eastern Advisors tax returns from 2002-2013 to do so. The determination request letter that the government asserts is related to this purpose was sent to the IRS in 2014 by Mr. Abramson on behalf of LES, requesting that LES be permitted an extension to file consolidated corporate tax returns for tax years 2006-2012. The letter itself does not discuss Eastern Advisor's failure to file tax returns; it discusses LES' failure to file an election within the deadline for doing so. The letter does not require context as it contains a section titled, "Statement of Facts," providing all the context that is necessary. In sum, the letter was sent on behalf of a different corporate entity, relates to a request to amend that entity's corporate tax returns, and covers different tax years than those the government wishes to introduce for Eastern Advisors.

Further, it is unclear how Eastern Advisor's failure to file taxes could add context to LES's filing of amended tax returns containing false statements because the two are contradictory. To convict on counts 3-9, the government will be required to prove beyond a reasonable doubt that the amended tax returns for tax years 2006-2012 were filed with the IRS. *See Pattern Criminal Jury Instructions of the Seventh Circuit*, "26 U.S.C. § 7206(1) Fraud and False Statements – Elements," 944 (2020 Ed.) (stating that the government must prove beyond a reasonable doubt that "the defendant filed or caused to be filed the income tax return with the IRS"). Those amended tax returns are all consolidated amended tax returns that include Eastern Advisers as a subsidiary of LES. As such, the government will be required to prove that Eastern Advisers *did* file tax returns from 2006-2012. In support of that requirement, it seeks to introduce evidence that Eastern Advisers *did not* file tax returns from 2002-2013. Regardless of these flaws, it is not the Defendant's burden to disprove the evidence's relevancy; the government bears the burden to show a legitimate non-propensity purpose for its evidence and it has failed to do so.

Finally, the government's other potential purpose for admission is to show the Defendant's willfulness. While the government again fails to demonstrate how its proposed evidence would accomplish that purpose, its motion *in limine* suggests it would rely on propensity inferences. As explained above, the Seventh Circuit requires a careful review of proposed evidence under 404(b). The Court has explained, "when one looks beyond the purposes for which the evidence is being offered and considers what inferences the jury is being asked to draw from that evidence, and by what chain of logic, it will sometimes become clear ... that despite the label, the jury is essentially being asked to rely on the evidence as proof of the defendant's propensity to commit the charged offense. *United States v. Lee,* 724 F.3d 968, 978 (7th Cir. 2013).

Here, the chain of logic makes clear that this evidence is a veiled attempt at a propensity argument, as the government's proposed jury instruction demonstrates. The government suggests the jury be instructed that it "should consider the evidence of defendant's non-filing in prior years only as relevant to assessing defendant's willfulness with regard to the charged offenses." (ECF No. 76 at 10). The definition of willfulness in this context is, "with the intent to violate his legal duty to pay the tax." *See Pattern Criminal Jury Instructions of the Seventh Circuit*, "26 U.S.C. § 7201," 935 (2020 Ed.) (defining "willfulness,"), *and see Id.* at 944 (§ 7206(1) adopting the definition of willfulness in §7201). As such, the government proposes that the jury be instructed that it may consider the evidence of the non-filing of tax returns in prior years to assess whether Mr. Abramson acted with the intent to violate his legal duty to pay the tax in this case, or worded differently, whether Mr. Abramson's past failure to file taxes proves a propensity to violate tax law, the exact logic forbidden by Rule 404.

The cases cited by the government do not support admission of other acts evidence to prove willfulness as the government suggests. For example, in *United States v. Mendoza*, the challenged evidence was the underlying uncharged scheme to defraud that earned the very income that was not

included in the Defendant's tax returns. *United States v. Mendoza,* 382 F. App'x 507, 511 (7th Cir. 2010). There, the uncharged conduct, the fraudulent scheme, was exactly why the statement, Defendant's income, was false. *Id.* Here, the false statement relates to whether the payments were legitimately loans or commissions, not whether Eastern Advisers filed tax returns. In *United States v. Benalcazar*, the Court allowed evidence of a prior failure to file tax returns because "the failure to document income in tax returns during the years that he participated in the scheme is relevant to his desire to conceal his ill-gotten profits and his knowledge of the scheme's illegality," *United States v. Benalcazar*, No. 09 CR 144, 2011 WL 4553027 (N.D. Ill. Sep. 29, 2011). Here, there is no analogous argument because the non-filing of Eastern Advisers tax returns is not offered by the government as proof that Mr. Abramson was hiding ill-gotten gains earned from a scheme or as knowledge of illegality. Instead, Mr. Abramson is on trial because he did offer to file tax returns on behalf of Eastern Advisers and the government alleges those returns contained false statements. The only allegation that he was hiding anything is from his wife, not from the government to conceal profits from an illegal scheme. The government's only reason to offer its proposed evidence is to prove a propensity and the cases it cites certainly do not suggest that is a permissible purpose.

Even if there were some inconsequential relevance to the failure to file, it should still be excluded because it is unfairly prejudicial and will confuse the issues at trial. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Here, the probative value is low. Eastern Advisor's failure to file tax returns does not aid in resolving whether LES's amended corporate tax returns contain false statements. At most, this evidence provides context to other evidence that, as explained above, does not require context. The government chose to pursue charges of false statements in Mr. Abramson's personal tax returns and in LES's corporate tax returns and it should adhere to its burden on those

charges. Introducing arguments about Mr. Abramson's other company's failure to file separate tax returns will create an impermissible risk that the jury could convict Mr. Abramson on uncharged conduct. As such, while the government has failed to meet its burden as the proponent of this evidence, it should be excluded nonetheless under 403.

### b. Condominium Purchase and Use of Nominee

The government first claims that this evidence is not other-act evidence and that it is merely disclosing it out of an abundance of caution. Evidence is generally admissible if it is relevant, and relevant evidence is that which "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401, 402.

The evidence relating to the 1999 purchase of a condominium is not relevant evidence to alleged false statements made in 2012-2014. The government states that this evidence is relevant because "the jury will have to assess whether Totani legitimately earned the commissions payments from Eastern Advisers." (ECF No. 76 at 10). This fact does not rely on, or relate to, whether Mr. Abramson purchased a condo, the name in which that condo was purchased, or whether that condo was ever placed in the name of a trust. The condo is not related to the commission payments at all, nor could it aid to resolve this question proposed by the government. The government claims that this evidence is relevant because the jury will have to assess "whether defendant was using Eastern Advisers as a way to pay and support his girlfriend." Again, the condo evidence does nothing to resolve this question. There is no allegation that the condo was purchased using Eastern Advisers; there is no allegation connecting the condo to the tax returns in any way.

The fact that Mr. Abramson bought a condo, even if it was for his girlfriend, even if he did hide it from his wife, does not make it more likely that he filed a tax return containing false statements unless one relies on propensity logic. The jury will have to consider whether the tax

8

returns contain false statements, none of which have anything to do with the condo. As such, the evidence relating to the condo is "other act" evidence that is inadmissible unless the government provides a non-propensity reasoning for its admission.

The government does not provide a non-propensity reasoning; instead, it explicitly uses the exact language of propensity in support of its request. The government states that, "Defendant's history of concealing his relationship with Totani by purchasing a condominium for her benefit, in which she lived, rent-free, and involving a third-party (Forcone) for no reason other than concealment makes it more likely that defendant would use Eastern Advisors to conceal payments to Totani." (ECF No. 76 at 11). Here, the government admits that it will use this evidence to show that Mr. Abramson has in the past concealed payments and so he "acted in accordance with that character on the occasion charged in the case." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). The government claims that this relies not on "his propensity to do such things, but the fact that Totani was his extramarital girlfriend," but this argument carries no weight. Stating that he concealed payments because Totani was his girlfriend and so, he is more likely to conceal payments on the occasion charged in this case, is still a propensity argument.

The government further lists other uses for this evidence including "motive, intent, willfulness, and lack of good faith when filing," but does not meet its burden to explain how the evidence it seeks to admit would serve any of these purposes. The only of these that the government elaborates on at all is motive, stating, "Defendant's purchase by means of a nominee – which defendant did to keep his wife from knowing about the condo, according to Forcone – is evidence of the same motive that caused defendant to use Eastern Advisors to give gifts to Totani."

While the government here is using the word motive, they are nonetheless using propensity logic. Motive as a permissible use under 404(b)(2) applies when the other act itself demonstrates the motive for the current charged offense. For example, when a defendant was charged with possessing

9

a firearm, the Court found that evidence that he was dealing drugs at the time was admissible as proof of his motive for possessing a firearm. *United States v. Schmitt*, 770 F.3d 524, 534 (7th Cir. 2014). The "other act" evidence – the drug dealing – was itself the motive for the charged offense – the possession of a firearm. Here, the government argues that Mr. Abramson's motive for buying the condo makes it more likely that he had the same motive when he committed the charged offense. The government does not argue that Mr. Abramson's 1999 purchase of a condo was his motive for filing false statements on tax returns in 2012-2014; the government argues that his motive in 1999 makes it more likely that he had the same motive here. The government intends to use this evidence to suggest that Mr. Abramson's past conduct reveals a character trait – a willingness to use a third-party to hide something from his wife – and that he acted in accordance with that character trait here – using Eastern Advisers to hide something from his wife. This is a propensity argument.

Should the Court find that the government met its burden in demonstrating a non-propensity use for this evidence, it should be excluded under 403. The government claims that the probative value is to establish and reflect concealment of Mr. Abramson's relationship with Ms. Totani and to provide evidence of the non-existence of a legitimate loan. However, the probative value is low. First, the purchase of the condo was in 1999. The earliest offense conduct in this case takes place in 2012. Setting aside the fact that this evidence's relevance requires propensity logic, it is questionable that one's reason for purchasing a condo in 1999 would apply to decisions made 13 years later. Further, there are other, significantly more direct, ways to establish and describe the details of Mr. Abramson's relationship with Ms. Totani, such as her anticipated testimony. There is no explanation provided of how the condo could demonstrate the non-existence of a loan. Overall, the probative value of evidence concerning a condo purchase taking place over ten years before the events of this case and having no connection to the charged conduct, is low.

On the other hand, this evidence is highly prejudicial. While it is true that there is nothing illegal about placing a condo in the name of a trust, the government's stated purpose for this evidence is to prove that Mr. Abramson's reasons for doing so were deceitful. The government seems determined to turn this tax fraud trial into one that centers on whether Mr. Abramson lied to his wife, not whether he made false statements in his business' tax returns. The government's proposed evidence is cumulative and presents a high risk of confusing the issues and prejudicing the jury against Mr. Abramson for actions unrelated to the charged conduct. As such, it should be excluded under 403.

## III.    Conclusion

For these reasons, Mr. Abramson respectfully requests that this Court deny the government's motion to admit 404(b) evidence and bar the admission of that same evidence, namely, that relating to the condominium, and that relating to Eastern Advisor's failure to file taxes from 2002-2013.

Respectfully submitted,

*/s/ Nishay K. Sanan*
nsanan@aol.com


*/s/ Cece White*
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111