**UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 18 CR 681 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| MICHAEL ABRAMSON, ) | |
| ) | |

**DEFENDANT MICHAEL ABRAMSON'S CONSOLIDATED MOTIONS *IN LIMINE*
TO PRECLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE**

Defendant, Michael Abramson, by and through his attorneys, Nishay K. Sanan and Cece White, respectfully moves this Court to preclude irrelevant and prejudicial evidence that he anticipates will be introduced by the government. In support, Mr. Abramson states as follows:

**I.       Background**

Michael Abramson is charged in the indictment with 13 counts of filing false tax returns in violation of 26 U.S.C. 7206(1). (ECF No. 1). Counts 1, 2, 11, and 13 charge Mr. Abramson with making false statements on his personal tax returns for tax years 2011-2014. Counts 3-9 charge Mr. Abramson with making false statements on amended consolidated corporate tax returns for Leasing Employment Services (LES), a business in which Mr. Abramson has an ownership interest, for tax years 2006-2012. Counts 10 and 12 charge Mr. Abramson with making false statements on the same business's corporate tax returns for tax years 2013-2014.

The allegations all relate to Mr. Abramson's ownership stake in a business that made payments to Jerilyn Totani, a woman with whom Mr. Abramson had a long-term romantic relationship. Ms. Totani is also a licensed real estate broker who had a contract with Mr. Abramson's business. The government's theory is that Mr. Abramson's real estate brokerage company paid Ms. Totani commissions and loans that were not related to her real estate work but were instead either non-deductible personal payments to Ms. Totani or taxable payments to Mr. Abramson himself. As such,

1

the government alleges that there were false statements on the corporate tax returns in that they described these payments to Ms. Totani as related to the business and that there were false statements on the personal tax returns in that they failed to include the amounts paid to Ms. Totani as Mr. Abramson's income.

## II. Argument

Mr. Abramson seeks to exclude the evidence described below on relevancy grounds. Evidence is generally admissible if it is relevant and relevant evidence is that which "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401, 402. Under 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

### a. Evidence Addressed in Response to Government's 404(b) Notice

The Defendant had intended to bring motions *in limine* to preclude the introduction of evidence related to the non-filing of Eastern Advisors tax returns and of evidence related to Mr. Abramson's purchase of a condo or placement of that condo in the name of another individual or the name of a trust. In the interest of efficiency, Mr. Abramson will not readdress the relevancy of this evidence here but does seek to bar that evidence's admission for the reasons detailed in his filed objections to the government's motion. (*See* ECF No. 83).

### b. The Defendant's Marital Status

Evidence that the long-term romantic relationship between Michael Abramson and Jerilyn Totani was an extramarital affair is irrelevant and inadmissible. While the Defendant anticipates that the romantic aspects of his relationship with Ms. Totani may be relevant at trial, the fact that he was married is irrelevant and more prejudicial than probative. Introducing inflammatory and prejudicial

2

evidence, like that of an extramarital affair, creates a high risk of prejudice in that the jurors may jump to negative conclusions regarding Mr. Abramson. This evidence will do nothing but bias the jurors against Mr. Abramson and lead to the risk of a conviction based on the jury's opinion of his relationship decisions.

Courts have recognized the risk of prejudice associated with introducing evidence of an extramarital affair. *See e.g., Defonzo v. Conopco, Inc.* No. 03 CR 6777, 2005 WL 8177613 (N. D. Ill. June 30, 2005)(Granting motion to exclude evidence of extramarital affair in a sexual harassment case), *United States v. Ewings*, No. 89 CR 566, 1989 WL 157651 (N.D. Ill. Nov. 2, 1989) (excluding evidence of an extramarital affair in a fraud case), *Mimms v. CVS Pharmacy, Inc.*, No. 1:15-CV-00970, 2017 WL 758366 (S.D. Ind. Feb. 27, 2017) (excluding evidence of extramarital affairs as irrelevant and unduly prejudicial in defamation case); *Gordon v. Degelmann*, No. 92 C 6891, 1993 WL 286470 (N.D. Ill. July 28, 1993) (excluding evidence of marital and divorce status as irrelevant). Mr. Abramson asks similarly that evidence, not of this relationship generally, but simply of the fact that it was extramarital, be excluded.

Finally, while the government has not informed the Defendant of an intent to introduce this evidence under 404(b), the nature of an extramarital affair creates the risk that the evidence could be used as impermissible character evidence. The evidence of Mr. Abramson's relationship with Ms. Totani could suggest to the jurors that if he were lying about his relationship to his wife, he could be lying about the funds given to Ms. Totani as well. This propensity evidence is strictly prohibited by Rule 404(b)(1), and there are no admissibility exceptions under Rule 404(b)(2) that have been offered in support of its admission. Accordingly, this irrelevant evidence must be excluded to ensure a fair trial.

### c. The Defendant's Involvement in Ms. Totani's Employment Outside of Real Estate

Mr. Abramson seeks to bar evidence regarding his involvement in Ms. Totani's employment as an exotic dancer or as a professional gambler. The government describes in its motion's background section how Ms. Totani and Mr. Abramson met at a strip club in the early 1990's where Ms. Totani worked as an exotic dancer. This fact is irrelevant and potentially prejudicial, as jurors are likely to have opinions on strip clubs, those who work at strip clubs, and those who frequent strip clubs. Any probative value that the government could offer in support of this detail from over 20 years ago is outweighed by this risk of prejudice.

Further, in her grand jury testimony, the government elicited statements from Ms. Totani concerning gambling losses in her employment as a professional gambler and money provided to her by Mr. Abramson to cover her losses or front her entry fee in gambling tournaments. The only relevant issues as to money provided to Ms. Totani by Mr. Abramson is that which was claimed on the tax returns that the government alleges contain false statements. Any other money gifted to Ms. Totani to cover a gambling entry fee, or a gambling loss would be introduced merely to bias the jury against Mr. Abramson for his connection to gambling.

The Defendant assumes that the probative value of this evidence is to suggest that because Ms. Totani has other ways of earning money, it is less likely that payments she received from Eastern Advisers were legitimate, despite Ms. Totani having a contract with Eastern Advisers. This probative value is low and significantly outweighed by the risk of prejudice. Courts in this District have noted the prejudice associated with both strip clubs and gambling. *See e.g., Moore v. Plotke*, 12 C 238, 2015 WL 7731823 (N.D. Ill. Nov. 30, 2015) ("counsel was precluded from eliciting testimony concerning [Plaintiff's] employment as a stripper or exotic dancer"); *See United States v. Swan*, 250 F.3d 495, 501 (7th Cir. 2001) ("gratuitous" references to defendant's gambling, which was not

4

"inextricably related" to the crimes for which he was charged was "probably error under Rules 404 and 403 of the Federal Rules of Evidence").

The risk that the jury will be biased against Mr. Abramson for his connection to strip clubs and gambling is high and neither of these topics have any relevance to the offenses with which he is charged. As such, Mr. Abramson seeks to bar the government from introducing evidence relating to Mr. Abramson's connection, through Ms. Totani's employment, to strip clubs and gambling.

### d. Co-conspirator Statements

The government's *Santiago* proffer was due on December 16, 2021. The government did not file its *Santiago* proffer and therefore should be barred from introducing co-conspirator statements at any stage of the trial, including but not limited to, opening statements.

**CONCLUSION**

For these reasons and those described in his Objection to the Government's 404(b) Notice, the Defendant, Michael Abramson, respectfully requests that this Court enter an order precluding the introduction of evidence or argument relating to the following topics: (1) Mr. Abramson's purchase of a condo and all related transactions, (2) Eastern Advisers non-filing or failure to timely file tax returns, (3) Mr. Abramson's marital status or the extramarital nature of his relationship, (4) references to Mr. Abramson's connections to strip clubs, exotic dancers, or professional gambling, and (5) co-conspirator statements for which notice has not been provided in accordance with this Court's order.

Respectfully submitted,

/s/ Nishay K. Sanan
nsanan@aol.com

Respectfully submitted,

/s/ Cece White
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111