**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No.   18 CR 681 |
| | ) | |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| MICHAEL ABRAMSON. | ) | |
| | ) | |

## INSTRUCTIONS TO THE JURY

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

3

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court.   You may consider some inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.

If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard testimony from Jerilyn Totani, who received immunity from prosecution in return for her testimony. You may not consider her immunity as evidence against the defendant.

You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard evidence that the defendant committed acts other than the ones charged in the Indictment. Specifically, you have heard evidence that Eastern Advisors failed to file corporate income tax returns for certain tax years.

Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment. If you decide that he did, then you may consider the evidence to help you decide the defendant's motive, knowledge of the falsity of the charged returns, and defendant's willfulness.

You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed an act in the past, he is more likely to have committed the crime charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is only on trial for filing false tax returns. The government has the burden to prove beyond a reasonable doubt the elements of the crime charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

You have heard two witnesses, namely, IRS Revenue Agent Michael Welch and Ronald Braver, who gave opinions and testimony about taxation and tax loss calculations. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how they reached their opinions, and the factors I have described for determining the believability of testimony.

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

The underlying documents have also been admitted in evidence so that you may determine whether the summaries are accurate.

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard the summaries and charts and determine the facts from the underlying evidence.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

The Indictment charges that the crimes happened "on or about" certain dates.

The government must prove that the crimes happened reasonably close to those dates.

The government is not required to prove that the crimes happened on those exact dates.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Counts One through Thirteen of the Indictment charge the defendant with filing a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1.      The defendant prepared an income tax return or caused someone to prepare an income tax return; and

2.      The income tax return was false as to a material matter, as charged in the Count; and

3.      The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4.      The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe that it was truthful as to a material matter; and

5.      The defendant filed or caused someone to file the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find that defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find that defendant not guilty of that charge.

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service or had the potential for hindering the Internal Revenue Service's efforts to monitor and verify the tax liability of the taxpayer. A charge of filing a false tax return does not require proof of a tax deficiency.

You may infer that a tax return was, in fact, signed by the person whose name appears to be signed to it or to the IRS e-file Signature Authorization form associated with the return. You are not required, however, to infer this.

If you find that the government has proved beyond a reasonable doubt that the defendant signed the tax return, then you may infer that the defendant knew of the contents of the return. You are not required, however, to infer this.

A tax return is considered filed when it is delivered to and received by the Internal Revenue Service. It does not matter whether the tax return was an original or amended tax return.

A corporation is a legal entity that is separate and distinct from its shareholders, directors, and officers, and from other corporations with which it may be affiliated.

When a taxpayer receives a loan, he or she incurs an obligation to repay that loan. Because of that obligation, the proceeds of a loan do not constitute income. For a loan to be present, there must both be good-faith intent on the part of the borrower to repay the loan and good-faith intent by the lender to enforce payment of the loan.

Counts 3 through 10 and Count 12 each charge the defendant with making more than one false statement in a tax filing.

Specifically, Counts 3 through 9 charge that both line 2 and Schedule L, line 14 of the tax filings are false. Counts 10 and 12 charge that both line 26 and Schedule L, line 14 of the tax filings are false.

The government is not required to prove that both lines are false for the particular Count you are considering. However, the government is required to prove that at least one of the lines alleged in the particular Count is false.

To find that the government has proven this, you must agree unanimously on which line is false, as well as all of the other elements of the crime charged.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Twitter, Instagram, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors= opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.