UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 18 CR 681 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| MICHAEL ABRAMSON, ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS**
<u>**COUNTS 3-9 OF THE SUPER CEEDING INDICTMENT FOR DESTRUCTION OF EVIDENCE**</u>

Defendant, Michael Abramson, by and through his attorneys, Nishay K. Sanan and Cece White, respectfully requests that this Court dismiss the indictment against him pursuant to the Fifth Amendment Due Process Clause. In support, Mr. Abramson states as follows:

**I. Background**

Michael Abramson, in the Superseding Indictment, is charged with 13 counts of filing false tax returns in violation of 26 U.S.C. § 7206(1). In addition he is charged with violations of 18 U.S.C. . § 3147 and18 U.S.C. . § 401(3). Relevant here, Counts 3-9 charge Mr. Abramson with knowingly making false statements on Forms 1120x for Leasing Employment Services (LES) for tax years 2006-2012. *Id.* at 7-13. The returns at issue in these counts were mailed to the IRS in August 2014 along with a letter requesting a determination that LES and its subsidiaries be allowed an extension of time to file an election under § 1.1502-75 of the Income Tax Regulations, which would allow the affiliated group to file amended consolidated returns for the years 2006–2012. The IRS's investigation into this matter was open until at least March 9, 2015. On that date, the IRS sent a letter to Mr. Abramson stating that he had not responded to certain requests for more information and that the case was considered closed.

On October 20, 2022, Mr. Abramson issued a subpoena to the IRS that requested all communications relating to that determination. The IRS did not timely respond and a rule to show

1

cause hearing was scheduled. Prior to the hearing, the IRS produced some documents, but it was apparent from the production itself that documents were missing.[1] Further, the IRS produced a copy of its file retention policies indicating that other documents were destroyed. On January 19, 2023, the IRS confirmed in Court that any other records related to the determination of whether to accept the returns were destroyed.

II. **Argument**

In *California v. Trombetta*, the Supreme Court held that the Constitution requires the government to preserve evidence "that might be expected to play a significant role in the suspect's defense." 467 U.S. 479, 488 (1984). Such evidence must: (1) "possess an exculpatory value that was apparent before the evidence was destroyed;" and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489. In *Arizona v. Youngblood*, the Court held that where evidence is only partially exculpatory, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. 51, 58 (1988).

Here, the documents that were destroyed possessed an exculpatory value in that they would play a significant role in Mr. Abramson's defense, and the jury's determination, on the elements of materiality and willfulness. Other documents produced by the government suggest that at least one reason for the denial was because the tax could not be assessed. *See e.g.,* IRS Internal Communications for Tax Year 2008 attached here as **Exhibit A.** This form indicates that when the IRS received the amended return at issue within Count 5, it was transferred to the IRS team that determines whether the tax may be assessed under the relevant statute. *Id.* at 1 (indicating transmittal for "statute review"). Under the statute, taxes must be assessed within 3 years after the return was

---

[1] For example, the production indicated a Power of Attorney was received from Mr. Abramson as a part of the determination and yet that document was not produced.

filed. 26 U.S.C. § 6501(a). This is referred to as the Assessment Statute Expiration Date (ASED). *See* **Ex. A**. However, the ASED is extended to 6 years when the taxpayer "omits from gross income an amount properly includible therein and such amount is in excess of 25% of the amount of gross income stated in the return." 26 U.S.C. § 6501(e)(1). Thus, when the IRS receives a return for which the original ASED has expired, IRS agents must determine if there was a "25% omission or, extension of ASED due to any other condition." **Ex. A** at 1. These other conditions include when a false return was filed, there was a willful attempt to evade taxes, or where no return was filed. 26 U.S.C. § 6501(c)(1)-(3). In each of these situations, the tax may be assessed at any time. *Id.*

Here, there are forms included in discovery productions from the government for tax years 2008 and 2009 indicating that IRS agents determined that the tax could not be assessed. *See* **Ex. A**; *and see* IRS Internal Communications for Tax Year 2009 attached here as **Exhibit B.** Presumably, the same forms were completed for tax years 2006 and 2007 in that the original ASED had expired for these years as well. *See* 26 U.S.C. § 6501(a). These forms have not been produced by the government or by the IRS in response to the Defendant's subpoena requesting all communications connected to the determination of whether to accept the returns. Further, the forms indicate that agents were asked to verify whether any other condition that would extend ASED was present. **Ex. A** at 1 and **Ex. B** at 1. The IRS agents were thus asked to consider whether a false return was filed, where there was a willful attempt to evade taxes, or whether no return was filed. 26 U.S.C. § 6501(c)(1)-(3). No documentation of communications on any of these determinations was produced. Thus, it is reasonable to assume they were among the documents destroyed by the IRS.

These forms have exculpatory value to the elements of materiality and willfulness. As to materiality, the jury must determine whether the false statements were material, which requires the jury to consider whether they were capable of influencing the IRS. *United States v. Pree*, 408 F.3d 855, 873 (7th Cir. 2005). A part of this determination is whether the statements "had the potential for

3

hindering the IRS's efforts to monitor and verify the tax liability of the taxpayer." *Id.* Courts have recognized that, "a jury usually will find a failure to report income material because such failure usually will affect the computation of tax." *United States v. Clifton*, 127 F.3d 969, 971 (10th Cir. 1997). However, "just because a jury usually would agree with such a statement does not mean that a jury must agree with it, as a matter of law. Even if any failure to report income is material in most circumstances, it is not necessarily material in all circumstances, since the materiality of an underreporting of income necessarily depends upon the facts of each case." *Id.* (quoting *United States v. Uchimura*, 125 F.3d 1282, 1286 (9th Cir. 1997). The Tenth Circuit explained that where a "taxpayer's failure to report all taxable income will not affect the computation of tax," this "might very well affect the jury's deliberations on the element of materiality." *Clifton*, 127 F.3d at 971. The government does not need to prove a tax deficiency to prove materiality but the fact "that no additional tax is owed of course has a bearing on materiality" *Uchimura*, 125 F.3d at 1285 n.5. Here, there are destroyed documents in which the IRS must have determined whether additional taxes were owed, just as it did for 2008 and 2009. Considering the IRS found that additional taxes could not be assessed in the years that were not destroyed, the destroyed documents have an apparent exculpatory value to the element of materiality.

Further, the destroyed evidence has exculpatory value on the element of willfulness because the IRS agents must have considered whether the Defendant willfully attempted to evade taxes to determine whether the ASED was extended. While there is no way to know what the destroyed communications would have said, the forms that we do have state the tax cannot be assessed because the ASED was expired. See **Ex. A**; **Ex. B**. This means that the IRS agent making this assessment for 2008 and 2009 had, at least at that time, no reason to suspect fraud or willfulness, in that either finding would have extended the ASED indefinitely. 26 U.S.C. § 6501(c)(1)-(3). IRS communications documenting its own determinations of the same topics before the jury "might be

4

expected to play a significant role in the suspect's defense." 467 U.S. 479, 488 (1984). Thus, the documents that were destroyed had exculpatory value to the elements of both willfulness and materiality.

Additionally, all documents involved here are of "such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489. The IRS was the only source for these documents and the IRS admits that such records are no longer available. Only the IRS would have than had cause to determine whether the taxes could be assessed either due to gross omission, fraud, or willfulness, and thus, there is no other source for comparable evidence.

Even if the evidence would have been only partially exculpatory, the Court should grant this motion because the IRS's destruction of these documents during the pendency of criminal investigation and prosecution suggests bad faith. Bad faith is "an official animus or a conscious effort to suppress exculpatory evidence," which "turns on an official's subjective knowledge that the evidence in question had exculpatory value at the time it was lost or destroyed." *United States v. Bell,* 819 F.3d 310, 317-18 (7th Cir. 2016). Here, the IRS had knowledge that the records destroyed were exculpatory at the time they were lost or destroyed. First, if the records were destroyed pursuant to the 4-year retention policy cited by the IRS, the destruction would have taken place after the filing of the 2018 criminal indictment alleging fraud in connection to the same records in counts 3-9. Thus, the records should not have been destroyed because IRS policy includes exceptions for unsettled claims and pending litigation. *See* Internal Revenue Manual (I.R.M.) 1.15.2.5.4.[2]

Second, as early as July 2014, before the records at issue were created, there were "914 Criminal Investigation freeze controls on Abramson's account." *See* IRS Memorandum of Activity attached here as **Exhibit C.** A Transaction Code (TC) 914 indicates a criminal investigation and puts a freeze

---

[2] Available online at: https://www.irs.gov/irm/part1/irm_01-015-003

on the account. *See* I.R.M. 5.4.12.2.9.[3] Therefore, any IRS employee accessing Mr. Abramson's file would have been aware of the ongoing criminal investigation prior to their decision to destroy the records. Further, a primary purpose for TC 914 is to address and protect ASED issues. *Id.* As explained above, a part of the ASED determination is whether there was a gross omission, fraud, or a willful attempt to evade taxes. *Also see generally* I.R.M. 25.6.1.9.5, *et seq.*[4] Thus, with a freeze on the account and a pending indictment, the IRS destroyed records that included a finding that there was no gross omission, a topic with exculpatory value for the element of materiality, and that included determinations of whether there was evidence of willfulness or an indication of fraud in the very returns alleged as fraudulent in Counts 3-9. The IRS had knowledge of at least the potential exculpatory value of these documents at the time they were destroyed and therefore, their destruction was in bad faith.

**III.    Conclusion**

For these reasons, the Defendant, Michael Abramson, respectfully requests that this Court issue an order dismissing Counts 3-9.

Respectfully submitted,

/s/ Nishay K. Sanan
nsanan@aol.com

/s/ Cece White
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111

---

[3] Available online at: https://www.irs.gov/irm/part5/irm_05-004-012r#idp106599096
[4] Available online at: https://www.irs.gov/irm/part25/irm_25-006-001r#idm140631763577248